**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4520**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RICHARD WAYNE CROWDER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:11-cr-70014-JPJ-PMS-1)

Submitted:  April 26, 2013        Decided:  May 2, 2013

Before WILKINSON, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Nancy C. Dickenson, Assistant Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Joseph W. H. Mott, Assistant United States Attorney, Jonathan Peak, Third Year Law Intern, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Wayne Crowder was convicted of two counts of mailing threatening communications, 18 U.S.C. § 876(c) (2006) (Counts One, Three), and two counts of threatening the President, 18 U.S.C. § 871 (2006) (Counts Two, Four). He was sentenced to 125 months in prison. Crowder now appeals, claiming that the instruction on the § 871 offenses was erroneous. We affirm.

Because Crowder did not object to the instruction, our review is for plain error. See Fed. R. Crim. P. 30(d); United States v. Robinson, 527 F.3d 941, 953 (4th Cir. 2010); United States v. Nikolaou, 180 F.3d 565, 569 (4th Cir. 1999). To establish plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U. S. 728, 732 (1993). We will exercise our discretion and correct plain error only if we are convinced that the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

Crowder contends that the instruction at issue could have resulted in a guilty verdict based on the jury's finding that he merely wrote threatening words without intending those threats to be communicated to another. We disagree.

2

It is well established that "we review instructions in their entirety to determine whether the instructions accurately and fairly state the controlling law." United States v. Sarwari, 669 F.3d 401, 411 (4th Cir. 2012). Here, the court instructed:

> For you to find the defendant guilty of the crimes charged in counts two and four, you must be convinced that the Government has proved each of the following beyond a reasonable doubt as to each count: First, that the defendant wrote or mailed the words alleged to be the threat against the President; second, that the defendant knowingly and willfully mailed or wrote the words. . . .
>
> It is not necessary to prove that the defendant actually wrote the communication or that it was received or read by the President so long as it was knowingly mailed or caused to be mailed by the defendant.

Because the court instructed that, in order to convict Crowder, the jury had to find that he "knowingly mailed [the threat] or caused [it] to be mailed," the jury could not have convicted Crowder simply on a finding that he wrote threatening words.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3